United States District Court
Southern District of Texas
**ENTERED**
April 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD PHILLIPS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-292 |
| WARDEN MOSSBARGER, *et al.*, | § § § § | |
| Defendants. | § | |

## **ORDER OF DISMISSAL**

The Plaintiff, Clifford Phillips, filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. On August 19, 2015, the Court mailed a notice to Phillips at his address of record (Dkt. 17). On August 31, 2015, the order was returned to the Court marked "Unable to Forward" with a note on the envelope indicating that Phillips has been discharged (Dkt. 18). Because a search for Phillips on the Texas Department of Criminal Justice website yields nothing, the Court assumes that Phillips has been released.

Parties, including those proceeding *pro se*, bear the burden of advising the Court of address changes. *See* Southern District of Texas Local Rule 83.4. As the Fifth Circuit has succinctly phrased it:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes,

for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.
*Perkins v. King*, No. 84-3310, at p. 4 (5th Cir. May 19, 1985) (slip op.).

The failure to inform the Court of an address change can result in the dismissal of an action for want of prosecution. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Phillips's failure to give the Court his new address for a period of at least eight months leads the Court to conclude that Phillips either is not exercising due diligence to prosecute this case or no longer wishes to pursue it. Moreover, any sanction short of dismissal would be futile at this point because there is no way to correspond with Phillips to tell him about it. *Id.*

The Court may dismiss this action for want of prosecution under the inherent powers necessarily vested in a district court to manage its own affairs—FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)—and it will now do so.

This case is **DISMISSED** without prejudice for want of prosecution. This is a **FINAL JUDGMENT**.

It is so **ORDERED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _April 8_, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE